UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELODY G. WILSON, <br><br> Plaintiff, <br><br> v. <br><br> D & A SERVICES, LLC d/b/a DYNIA & ASSOCIATES, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 1:18-cv-08532 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes MELODY G. WILSON ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of D & A SERVICES, LLC d/b/a DYNIA & ASSOCIATES ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**PARTIES**

1

4. Plaintiff is a 64 year old natural "person," as defined by 47 U.S.C. §153(39).

5. Defendant is a debt collection agency organized under the laws of the state of Illinois with its principal place of business located at 1400 East Touhy Avenue, Suite G2, Des Plaines, Illinois.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. The instant action arises out of Defendant's attempts to collect upon outstanding credit card debts arising from past due payments in connection with two credit cards Plaintiff had with Bank of America ("BoA").

9. Plaintiff fell behind on her payments to BoA after she suffered serious health issues which caused significant financial hardship and further required Plaintiff to file for disability benefits.

10. Upon information and belief, Defendant acquired collection rights to collect upon the debts after Plaintiff defaulted on her obligations to BoA.

11. Several years ago, Plaintiff paid off one of the accounts which were placed with Defendant.

12. Plaintiff also made a large payment on the other account ("subject debt"), and set up monthly payments of $60.00 to go about addressing the subject debt.

13. At the time Plaintiff entered into this arrangement, Defendant represented that the subject debt would be addressed if Plaintiff made these monthly payments.

14. As such, Plaintiff set up her monthly payments to be automatically withdrawn from her bank account.

15. Plaintiff made payments on the subject debt for several years.

16. On or about September 14, 2018, Plaintiff contacted Defendant to inquire about the status of the subject debt.

17. Defendant's representation advised that her payment plan was going to end, and that Plaintiff still owed a balance to Defendant.

18. Defendant then attempted to collect the full amount of the subject debt from Plaintiff.

19. Plaintiff was then transferred to a representative of Defendant named "Jeff Curtain."

20. Mr. Curtain reiterated what Plaintiff was previously told, specifically stating that the last day of Plaintiff's payment arrangement would be October 2018.

21. Mr. Curtain further advised that it would speak to BoA regarding payments on the subject debt.

22. However, upon information and belief, given the passage of time between when Defendant began collecting upon the subject debt and Defendant's representation to Plaintiff, BoA likely has no remaining role or interest in the subject debt.

23. In October 2018, Defendant did not take out its automatic withdrawal from Plaintiff's checking account – so Plaintiff made payment to Defendant on her own. .

24. Frustrated and confused by the nature of Defendant's collection letters, Plaintiff has incurred costs and expenses consulting with and retaining her attorneys as a result of Defendant's conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

27. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

28. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

29. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692e**

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

32. Defendant violated §1692e and e(10) when it deceptively accepted Plaintiff's $60.00 monthly payments. At the time Plaintiff entered this arrangement, Defendant represented that continued payments of this amount would go about satisfying the subject debt. However, after years of making these payments, Defendant advised that the previously agreed to amount would not be sufficient to satisfy the debt, illustrating the false and deceptive nature of Defendant's collection efforts.

33. Defendant further violated § 1692e and e(10) when it told Plaintiff that the previously agreed to payment arrangement was going to end. This representations runs directly contrary to previous representations made to Plaintiff.

34. Additionally, Defendant violated § 1692e and e(10) when it deceptively suggested that it needed to speak with BoA regarding Plaintiff's account. Although BoA had no role or interest in the subject debt, Defendant invoked BoA in a deceptive attempt to obfuscate the nature of the underlying creditor as well as Defendant's role as a third party debt collector attempting to collect upon the subject debt.

WHEREFORE, Plaintiff, MELODY G. WILSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 28, 2018                                  Respectfully submitted,

s/ Nathan C. Volheim                                       s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                           Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                      Counsel for Plaintiff
Admitted in the Northern District of Illinois              Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                                   Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                        2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                    Lombard, Illinois 60148
(630) 568-3056 (phone)                                     (630) 581-5858 (phone)
(630) 575-8188 (fax)                                       (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                   thatz@sulaimanlaw.com