# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MELODY G. WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:18-cv-08532 |
| | ) | |
| v. | ) | Chief Judge Ruben Castillo |
| | ) | |
| D&A SERVICES, LLC D/B/A DYNIA & ASSOCIATES, | ) ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, D&A Services, LLC, through counsel and pursuant to the Federal Rules of Civil Procedure, hereby answers and asserts its affirmative defenses to the Complaint filed by the plaintiff, Melody G. Wilson, and states as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

**ANSWER:   D&A admits that plaintiff purports to bring this lawsuit pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), but denies any liability, damages or wrongdoing to the extent alleged in ¶ 1.  Except as specifically admitted, D&A denies the allegations in ¶ 1.**

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

**ANSWER: D&A admits the allegations in ¶ 2 for jurisdictional purposes only, but denies any liability, damages or wrongdoing to the extent alleged in ¶ 2. Except as specifically admitted, D&A denies the allegations in ¶ 2.**

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**ANSWER: D&A admits the allegations in ¶ 3 for venue purposes only, but denies any liability, damages or wrongdoing to the extent alleged in ¶ 3. Except as specifically admitted, D&A denies the allegations in ¶ 3.**

## PARTIES

4. Plaintiff is a 64 year old natural "person," as defined by 47 U.S.C. § 153(39).

**ANSWER: Paragraph 4 contains only a legal conclusion requiring no response. To the extent a response is necessary, D&A states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 4.**

5. Defendant is a debt collection agency organized under the laws of the state of Illinois with its principal place of business located at 1400 East Touhy Avenue, Suite G2, Des Plaines, Illinois.

**ANSWER: D&A admits that it is organized under the laws of Illinois with an office located at the address provided. D&A further admits that its business activities include, under certain circumstances, the collection of accounts. Except as specifically admitted, D&A denies the allegations in ¶ 5.**

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

**ANSWER: Paragraph 6 contains only a legal conclusion requiring no response. To the extent a response is necessary, D&A states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 6.**

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

**ANSWER: D&A is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 7.**

### FACTUAL ALLEGATIONS

8. The instant action arises out of Defendant's attempts to collect upon outstanding credit card debts arising from past due payments in connection with two credit cards Plaintiff had with Bank of America ("BoA").

**ANSWER: D&A admits that it had an account in plaintiff's name for a Bank of America account. Except as specifically admitted, D&A denies the allegations in ¶ 8.**

9. Plaintiff fell behind on her payments to BoA after she suffered serious health issues which caused significant financial hardship and further required Plaintiff to file for disability benefits.

**ANSWER: D&A is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 9.**

10. Upon information and belief, Defendant acquired collection rights to collect upon the debts after Plaintiff defaulted on her obligations to BoA.

**ANSWER:** D&A admits that it had an account in plaintiff's name for a Bank of America account. Except as specifically admitted, D&A denies the allegations in ¶ 10.

11. Several years ago, Plaintiff paid off one of the accounts which were placed with Defendant.

**ANSWER:** D&A is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 11.

12. Plaintiff also made a large payment on the other account ("subject debt"), and set up monthly payments of $60.00 to go about addressing the subject debt.

**ANSWER:** D&A is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 12.

13. At the time Plaintiff entered into this arrangement, Defendant represented that the subject debt would be addressed if Plaintiff made these monthly payments.

**ANSWER:** D&A denies the allegations in ¶ 13.

14. As such, Plaintiff set up her monthly payments to be automatically withdrawn from her bank account.

**ANSWER:** D&A is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 14.

15. Plaintiff made payments on the subject debt for several years.

**ANSWER:** D&A denies the allegations in ¶ 15.

16. On or about September 14, 2018, Plaintiff contacted Defendant to inquire about the status of the subject debt.

**ANSWER:** D&A admits receiving contact from someone identifying herself as plaintiff on or about September 24, 2018 about the account.

17. Defendant's representation advised that her payment plan was going to end, and that Plaintiff still owed a balance to Defendant.

**ANSWER: D&A denies the allegations in ¶ 17.**

18. Defendant then attempted to collect the full amount of the subject debt from Plaintiff.

**ANSWER: D&A denies the allegations in ¶ 18.**

19. Plaintiff was then transferred to a representative of Defendant named "Jeff Curtain."

**ANSWER: D&A admits the allegations in ¶ 19.**

20. Mr. Curtain reiterated what Plaintiff was previously told, specifically stating that the last day of Plaintiff's payment arrangement would be October 2018.

**ANSWER: D&A denies the allegations in ¶ 20.**

21. Mr. Curtain further advised that it would speak to BoA regarding payments on the subject debt.

**ANSWER: D&A admits that it informed plaintiff it would discuss her account with Bank of America. Except as specifically admitted, D&A denies the allegations in ¶ 21.**

22. However, upon information and belief, given the passage of time between when Defendant began collecting upon the subject debt and Defendant's representation to Plaintiff, BoA likely has no remaining role or interest in the subject debt.

**ANSWER: D&A denies the allegations in ¶ 22.**

23. In October 2018, Defendant did not take out its automatic withdrawal from Plaintiff's checking account – so Plaintiff made payment to Defendant on her own.

**ANSWER: D&A denies the allegations in ¶ 23.**

24. Frustrated and confused by the nature of Defendant's collection letters, Plaintiff has incurred costs and expenses consulting with and retaining her attorneys as a result of Defendant's conduct.

**ANSWER: D&A denies any liability, damages or wrongdoing to the extent alleged in ¶ 24, and denies the allegations in ¶ 24.**

### COUNT I—THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

**ANSWER: D&A repeats and realleges its responses to paragraphs 1 through 24 as if fully stated herein.**

26. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

**ANSWER: Paragraph 26 contains only a legal conclusion requiring no response. To the extent a response is necessary, D&A states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 26.**

27. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

**ANSWER: Paragraph 27 contains only a legal conclusion requiring no response. To the extent a response is necessary, D&A admits that when it acts as a debt collector, as defined by 15 U.S.C. § 1692a, its debt collection activities may be governed by certain provisions of the FDCPA. Except as specifically admitted, D&A denies the allegations in ¶ 27.**

28. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

**ANSWER: D&A admits that its business activities include, under certain circumstances, the collection of accounts. Except as specifically admitted, D&A denies the allegations in ¶ 28.**

29. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**ANSWER: Paragraph 29 contains only a legal conclusion requiring no response. To the extent a response is necessary, D&A states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 29.**

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

**ANSWER: Paragraph 30 contains only a legal conclusion requiring no response. To the extent a response is necessary, D&A denies any liability, damages or wrongdoing to the extent alleged in ¶ 30.**

31. In addition, this section enumerates specific violations, such as: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

**ANSWER: Paragraph 31 contains only a legal conclusion requiring no response. To the extent a response is necessary, D&A denies any liability, damages or wrongdoing to the extent alleged in ¶ 31.**

32. Defendant violated §1692e and e(10) when it deceptively accepted Plaintiff's $60.00 monthly payments. At the time Plaintiff entered this arrangement, Defendant represented that continued payments of this amount would go about satisfying the subject debt. However, after years of making these payments, Defendant advised that the

previously agreed to amount would not be sufficient to satisfy the debt, illustrating the false and deceptive nature of Defendant's collection efforts.

**ANSWER: D&A denies any liability, damages or wrongdoing under the law, and further denies the allegations in ¶ 32.**

33. Defendant further violated § 1692e and e(10) when it told Plaintiff that the previously agreed to payment arrangement was going to end. This representations [*sic*] runs directly contrary to previous representations made to Plaintiff.

**ANSWER: D&A denies any liability, damages or wrongdoing under the law, and further denies the allegations in ¶ 33.**

34. Additionally, Defendant violated § 1692e and e(10) when it deceptively suggested that it needed to speak with BoA regarding Plaintiff's account. Although BoA had no role or interest in the subject debt, Defendant invoked BoA in a deceptive attempt to obfuscate the nature of the underlying creditor as well as Defendant's role as a third party debt collector attempting to collect upon the subject debt.

**ANSWER: D&A denies any liability, damages or wrongdoing under the law, and further denies the allegations in ¶ 34.**

WHEREFORE, Plaintiff, MELODY G. WILSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**ANSWER: In response to the allegations following paragraph 34, which constitutes a prayer for relief, D&A denies that plaintiff is entitled to the relief sought.**

## AFFIRMATIVE DEFENSES

AND NOW, in further Answer to the Complaint, Defendant D&A Services, LLC avers as follows:

### FIRST AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established and in the event D&A is found to be a debt collector as defined in FDCPA, which is denied, any such violation(s) was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### SECOND AFFIRMATIVE DEFENSE

D&A denies any liability; however, regardless of liability, plaintiff has suffered no damages as a result of the alleged violations of law.

### THIRD AFFIRMATIVE DEFENSE

Assuming that plaintiff suffered any damages, she has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

### FOURTH AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than D&A and were beyond the control or supervision of D&A or for whom D&A was and is not responsible or liable.

## FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, plaintiff's claims may be subject to a binding arbitration agreement.

WHEREFORE, Defendant, D&A Services, LLC, respectfully requests that plaintiff's lawsuit be dismissed, with prejudice, and for all other general and equitable relief.

Dated: January 25, 2019    Respectfully submitted,

*s/ Andrew E. Cunningham*
Andrew E. Cunningham
Morgan I. Marcus
Sessions, Fishman, Nathan & Israel, LLC
141 W. Jackson Blvd., Suite 3550
Chicago, IL 60604-2992
Telephone:  (312) 578-0990
E-mails:    acunningham@sessions.legal
            mmarcus@sessions.legal

*Attorneys for Defendant,*
*D&A Services, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2019, a true and correct copy of **D&A Services, LLC's Answer and Affirmative Defenses to Plaintiff's Complaint** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/ Andrew E. Cunningham*